IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES A. MORNING, )<br>)<br>       Petitioner/Defendant, )<br>)<br>vs. )<br>)<br>UNITED STATES of AMERICA , )<br>)<br>       Respondent/Plaintiff. ) | CIVIL NO. 09-cv-252-WDS<br><br>CRIMINAL NO. 94-cr-30013 |

**MEMORANDUM AND ORDER**

**STIEHL, District Judge:**

      This matter is before the Court on Petitioner's motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255.

**BACKGROUND**

      Petitioner was found guilty, after a jury trial, of: (1) conspiracy to possess with intent to distribute crack cocaine in violation of 21 U.S.C. § 846; (2) possession with intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1); and (3) possession of a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c). *United States v. Morning*, Case No. 94-cr-30013 (S.D. Ill.). Petitioner was sentenced to a total of 324 months imprisonment. Petitioner's convictions and sentences were affirmed on direct appeal. *United States v. Billops*, 43 F.3d 281 (7th Cir. 1994). On March 10, 2009, Petitioner moved for a reduction in his crack cocaine sentence pursuant to 18 U.S.C. § 3582(c)(2) based on a sentencing guideline that had been lowered and made retroactive by the United States Sentencing Commission. *United States v. Morning*, No. 94-30013 (S.D. Ill.). On March 18, 2009, the Court granted Petitioner's motion and his total sentence was

reduced to 300 months imprisonment. It appears that Petitioner has not previously sought relief pursuant to 28 U.S.C. § 2255.

### THE MOTION

In the instant § 2255 motion, Petitioner challenges his conviction and sentence for possessing a firearm during and in connection with a drug trafficking crime in violation of 18 U.S. § 924(c). The instant motion asserts two claims: (1) that Petitioner's lawyer was ineffective for failing to argue that Petitioner's conduct did not violate 18 U.S.C. § 924(c); and (2) that, in light of the Supreme Court's decision in *Bailey v. United States*, 516 U.S. 137 (1995), he is "actually innocent" of violating 18 U.S.C. § 924(c) because he did not "use" or "carry" the firearm during or in connection with a drug trafficking crime. In support of his claim that he did not "use" or "carry" a firearm, Petitioner contends that the only evidence at his trial was that a pistol was found on the headboard of a bed and five other firearms were located throughout the house. Petitioner contends that this evidence was insufficient - after *Bailey* - to convict him under § 924(c).

### DISCUSSION

Since the passage of the Antiterrorism and Effective Death Penalty Act, Pub. L 104-132, 110 Stat. 1214 ("the Act"), on April 24, 1996, a one year statute of limitations has applied to motions brought under § 2255. In most cases, the statute of limitations starts to run on the date the petitioner's conviction becomes final. 28 U.S.C. § 2255(f)(1). In the instant case, Petitioner's conviction became final, for purposes of § 2255, on March 16, 1995, when the time for Petitioner to seek a writ of certiorari to the Supreme Court of the United States expired. Sup. Ct. R. 13(1). Because the Petitioner's conviction became final on or before April 24, 1996, he was required to file his § 2255 motion before April 24, 1997. Petitioner, however, did not file the instant § 2255 action

until April 1, 2009, over 14 years too late. Unless a different start date can be found for the statute of limitation, Petitioner's § 2255 motion must be dismissed as time barred.

Title 28 U.S.C.§ 2255(f) provides the following alternative starting times for the statute of limitations:

> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(2)-(4).

.    Of these possible starting events, the most applicable alternative - and the one the Court assumes Petitioner would argue - is the date on which the Supreme Court made *Bailey* retroactively applicable to cases on collateral review. But even using that date, Petitioner only arguably had until May 18, 1999, to file for § 2255 relief, which date was one year from the date that *Bousley v. United States*, 523 U.S. 614 (1998), made *Bailey* retroactively applicable to cases on collateral appeal.[1] Thus, the instant § 2255 action would still be untimely.

The Seventh Circuit Court of Appeals has found that the common law doctrine of equitable tolling may apply to § 2255 actions which would permit a late filing when "extraordinary

---

[1] *But see Dodd v. United States*, 545 U.S. 353 (2005) (holding that the date from which the limitation period begins to run under § 2255(3) is the date that the Court initially recognizes the right asserted in an applicant's § 2255 motion, not the date on which the right is made retroactively applicable).

circumstances far beyond the litigant's control . . . prevented timely filing." *Poe v. United States*, 468 F.3d 473, 477 (7th Cir. 2006).  However, there is nothing in the instant motion indicating that such "extraordinary circumstances bar beyond" Petitioner's control prevented him from timely filing his § 2255 motion.

## DISPOSITION

On it's face, the instant § 2255 motion appears to be untimely and there are no facts suggesting  that the principles of equitable tolling should be applied to this case.  Statutes of limitations, however, are an affirmative defense and while the Court may raise the issue *sua sponte* it need not resolve the matter without input from the Respondent.  On the scant record available to it at this stage, Petitioner's claim concerning his § 924(c) conviction is, at least, colorable. Accordingly, The Court **ORDERS** the Government to file a response to Petitioner's motion  within **THIRTY (30) DAYS** of the date of this Order. The Government shall, as part of its response, address whether the instant motion is time barred under 28 U.S.C. § 2255(f).  Additionally, the Government shall, as part of its response, attach all relevant portions of the record.

**IT IS SO ORDERED**.

**DATED: February 22, 2010.**

                 s/ WILLIAM D.  STIEHL
                 DISTRICT JUDGE